WILLIAM O'GRADY ET AL., APPELLANTS, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE.

FILED NOVEMBER 28, 1911.   No. 16,549.

1. **Pleading**: CONSTRUCTION. Section 121 of the code commands the courts to construe with liberality the allegations in pleadings with a view to doing substantial justice between the litigants.

2. **Carriers**: ACTION FOR LOSS OF BAGGAGE: PLEADING. A petition charging, in substance, that a common carrier's porter refused a

passenger for hire, who with her nine infant children, also passengers for hire, were changing cars on the defendant's railway at a point intermediate the commencement and the end of their journey, readmission to the car in which she had been transported, and from which she desired to take her suit case with its contents, of the value of $1,525, although the porter knew that her suit case was in the car and she informed him of her purpose, but that he wilfully refused to admit her, and that although the train thereafter remained for a long time at the station, and she informed the carrier's agents and servants in charge of the train that her suit case was in the car, they refused to deliver the suit case or to permit her to enter the car for the purpose of securing her property, and that it was not delivered to her and she has not received it, states a cause of action against the carrier.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Reversed.*

*Perry, Lambe & Butler* and *R. D. Druliner,* for appellants.

*James E. Kelby, Arthur R. Wells* and *W. S. Morlan,* contra.

ROOT, J.

This is an action to recover damages for the loss of a suit case and its contents. The defendant prevailed on its general demurrer to the petition, and the plaintiffs appeal.

In substance, the plaintiffs, after alleging that the defendant is a common carrier for hire of passengers, charge that on April 15, 1908, for a consideration paid, defendant undertook to transport them with their baggage from Superior to Haigler, Nebraska; that they were informed by defendant's servants and agents that its train numbered 15 would convey them without change of cars to their destination, and that in reliance upon this information they entered a car in that train. The pleader also alleges that the youngest plaintiff is one year of age and the eldest infant plaintiff is 15 years old; that the plaintiffs carried with them into the defendant's

car a suit case which contained $1,500 in currency and other articles, not definitely described, of the value of $25, the joint property of all of the plaintiffs; that the train arrived at McCook, a city intermediate the initial and the final point of their journey, after midnight, and while they were asleep, and that the defendant's servants aroused them suddenly and directed them to immediately leave the train, which they did under the impression that they were in Haigler, and because of the defendant's orders; that they were excited, and relied upon the defendant's employees to carry from the car their luggage; "that soon after the plaintiffs reached the platform of the defendant company's station at McCook, Nebraska, the plaintiffs discovered that neither the porter, brakeman, nor other agent or employee of the said defendant company had brought the plaintiffs' said grip or suit case containing the said $1,500 in currency to the station platform, as was the duty of the agents and employees of the defendant company, under the circumstances; that immediately thereafter the plaintiff Maggie O'Grady, having succeeded in getting all of the said nine children upon the depot platform, attempted to board the said train for the purpose of securing the said grip and the money contained therein, but that the defendant company's porter refused the plaintiff Maggie O'Grady admittance to the said train, although the plaintiff Maggie O'Grady informed the said porter, agent and employee of the said defendant company that he and other employees of the defendant company had failed to carry out for her said grip, and also informed the said porter that the said grip was then in a certain car, which the said porter then knew, and which said car plaintiff informed the porter she had just alighted from; that the said agent and employee of the said defendant company knew, and had known during the plaintiffs' entire journey, that said certain grip or suit case was the property of the plaintiffs herein, and had knowledge in reference to the value of the contents thereof;  *   *   *

that the said train remained at the station of McCook thereafter for a long time, and that all of the agents and employees of the defendant company wilfully, negligently, and maliciously refused to deliver said grip or suit case to the plaintiffs herein or to permit the said plaintiffs or any of them to enter the said car in which said grip or suit case and money was left," etc. There are other allegations in the petition to the effect that the porter wilfully, negligently and maliciously prevented the plaintiffs from recovering the suit case; that they immediately reported their loss to the defendant's general office, but that the suit case and its contents were not returned to them; that the defendant was negligent in employing dishonest servants and agents, and that it did maliciously steal, take and carry away this property. Upon the hearing, the plaintiffs admitted in open court that the defendant had no notice or knowledge that there was money in the suit case until its agents discovered the fact after the plaintiffs entered the car at Superior. Some of the allegations in the petition may be surplusage, and the pleader might have been more definite in alleging that the suit case was in the car at the time the plaintiffs departed therefrom, but we cannot agree with the defendant's counsel that this fact may not fairly be inferred from the petition.

Section 121 of the code commands the courts to liberally construe the allegations in all pleadings with a view to substantial justice between the parties. The pleader alleges that the train remained a long time at McCook, and that the porter wilfully and maliciously prevented the plaintiff Mrs. O'Grady from re-entering the car very soon after she departed therefrom, and the demurrer admits the truth of these statements. It should be remembered that the defendant had not then completed its contract to safely transport the plaintiffs and their baggage from Superior to Haigler, but they were passengers in the course of transportation. In view of the fact that the necessity for the change of cars was

occasioned by the misdirection of the defendant's serv-
ants, and that Mrs. O'Grady was hampered by her
numerous sleepy infant children, the defendant at least
owed her the duty of a reasonable opportunity to take
her luggage as well as her children from the train. If
that opportunity was not given, but absolutely refused
without just cause, the defendant should at least be held
to have elected to transport the suit case in the car where
it reposed, and should be held from that time to at least
so high a degree of responsibility as if the luggage were
in the custody of its baggageman. Whether under these
circumstances the company may be held liable for all of
the money in the suit case is not before us for determina-
tion and will not be discussed. It is sufficient for this
appeal that, if all of the allegations in the petition are
true, the defendant is liable to the plaintiffs in some
amount. This we hold.

The judgment of the district court is reversed and the
cause remanded for further proceedings.

REVERSED.